IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|                              |   |                |
|------------------------------|---|----------------|
| GEOFF L. KELLER,             |   |                |
| Plaintiff,                   |   |                |
| vs.                          |   | No. 07-2714-B/P |
| SHELBY COUNTY DIVISION OF CORRECTIONS, |   |                |
| Defendant.                   |   |                |

ORDER OF DISMISSAL
AND
ORDER ASSESSING $350 CIVIL FILING FEE

On November 2, 2007, Plaintiff Geoff L. Keller, RNI number 161951, an inmate at the Shelby County Correctional Center ("SCCC")[1] in Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983. The Court issued an order on December 14, 2007 directing Plaintiff, within thirty (30) days, to comply with the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), or remit the civil filing fee. The order also advised Plaintiff that, if he "fails to file the required documents, the Court will . . . dismiss the action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute." (Docket Entry 3 at 3.) Plaintiff has not complied with, or otherwise responded to, that order, and

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

the time set for compliance has expired. Therefore, the Court DISMISSES the complaint without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, because the responsibility for paying the filing fee accrues at the time the complaint is filed. McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997); cf. In re Alea, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

In this case, the documents submitted by Plaintiff are dated more than thirty (30) days prior to the commencement of the action and, therefore, he has not established that he is eligible to take advantage of the installment payment provisions of the PLRA at the time the complaint was filed.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall withdraw from Plaintiff's trust fund account the sum of $350 and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the

Clerk of Court, until the civil filing fee is paid in full. The trust fund officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on Plaintiff's ability to file future lawsuits in this Court, without any additional notice or hearing by the Court.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of prison trust fund accounts at the WTSP. The Clerk is further ORDERED to forward a copy of this order to the Director of the SCCC to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

IT IS SO ORDERED this 24th day of January, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE